## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 12, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**PHYLLIS STAMPER, WIDOW OF**
**ARTHUR STAMPER,**
**Claimant Below, Petitioner**

**vs.)  No. 11-1733** (BOR Appeal No. 2046000)
(Claim No. 840034774)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**APOGEE COAL COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Phyllis Stamper, by William Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2011, in which the Board affirmed a May 4, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 4, 2009, decision denying Ms. Stamper's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Stamper worked as an electrician for Apogee Coal Company. He sustained a compensable injury to his lower back on January 24, 1984. Mr. Stamper passed away on March 30, 2007. The death certificate listed the cause of death as lung cancer, with underlying causes of Agent Orange exposure and tobacco abuse. The death certificate also listed COPD, hypertension, and GERD as significant conditions. On February 4, 2009, the claims administrator denied Ms. Stamper's request for dependent's benefits.

In its Order affirming the claims administrator's decision, the Office of Judges held that Mr. Stamper's death was not precipitated or hastened by an occupational injury, and that his occupational injuries did not interfere with life extending treatment. On appeal, Ms. Stamper argues that as a result of the compensable back injury, Mr. Stamper suffered a debilitating and worsening back ailment which prohibited him from receiving life-prolonging surgery to remove lung cancer. The West Virginia Office of Insurance Commissioner maintains that the preponderance of the evidence does not establish a causal connection between Mr. Stamper's death from lung cancer and the compensable back injury. On July 15, 2010, Dr. Stollings opined that Mr. Stamper's chronic back pain as well as other factors certainly limited the treatment modalities available in his battle with lung cancer. On January 17, 2011, Dr. Martin performed a record review and concluded that chronic back pain did not limit Mr. Stamper's treatment of lung cancer. Dr. Martin noted that the greatest functional limitation was Mr. Stamper's respiratory system, not his back, and that Mr. Stamper continued his substantial smoking habit after the diagnosis of lung cancer.

The Office of Judges concluded that Mr. Stamper died as a result of lung cancer and COPD. It noted that Mr. Stamper had a very substantial smoking history. The Office of Judges found that Dr. Martin's report was better supported by the medical evidence of record, and noted that the true limiting factor in Mr. Stamper's condition and treatment was COPD and anemia, not the 1984 back injury. It further noted that Mr. Stamper's breathing problems have not been attributable to occupational exposure to dust. The Office of Judges held that Ms. Stamper was not entitled to dependent's benefits as a result of the death of her husband. The Board of Review reached the same reasoned conclusions in its November 22, 2011, Order. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED:** September 12, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II